FREDERICK *v*. STAUFFER.

CANCELLATION OF INSTRUMENTS—EXCHANGE OF PROPERTY—FRAUD
    —EVIDENCE.
    On a bill for the cancellation of a mortgage, evidence ex-
    amined and *held*, to sustain a decree for the plaintiff.

Appeal from Jackson; Parkinson, J.  Submitted Oc-
tober 16, 1917.  (Docket No. 142.)  Decided Decem-
ber 27, 1917.

Bill by James Frederick against Harlan A. Stauffer
for the cancellation of a mortgage.  From a decree
for plaintiff, defendant appeals.  Affirmed.

*Robert A. Smith*, for plaintiff.

*James J. Noon*, for defendant.

OSTRANDER, J.  Plaintiff owned land in Canada, in-
cumbered with a mortgage for $1,500.  He owned,
also, 80 acres of land in Ohio, incumbered with mort-
gages amounting to $6,000.  Defendant, who lives in
Jackson, Mich., was agent for Elias E. Church, owner
of several parcels of land in Jackson county, Mich.,
incumbered with a mortgage for $8,500 to the Penin-
sular Life Insurance Company, and by a second mort-
gage for $2,700, owned by defendant, but not record-
ed.  Plaintiff wished to remove from Ohio and take
up his residence in Michigan.  In Jackson he met de-
fendant.  In the course of time, and after negotiations,
a trade was arranged between them; plaintiff never
having seen Church and doing no business directly
with him.  The terms upon which the trade was to
be made are in dispute.  It was consummated, plain-
tiff says, according to the agreement, which was that
he was to convey the Canada land, subject to the $1,-

500 mortgage, to Church, convey the Ohio land, subject to the incumbrance to defendant, and receive a conveyance from Church of the Jackson county land, subject to the $8,500 mortgage. The necessary deeds having been executed and exchanged, plaintiff removed to the Jackson county land. Later on, defendant returned to plaintiff the deed of the Ohio land in a letter, the terms of which are:

"As I have investigated the Ohio farm and find that it does not come up to representations in any way, and also find that there is going to be trouble in regard to the title, I have decided that I don't want it and herewith returning the deed to you. I will give you plenty of time on the commission so as not to cramp you."

Defendant recorded his mortgage on the Jackson county land, and plaintiff, having requested defendant to discharge the same, and being refused, filed his bill in this cause to secure a cancellation of the record and of the mortgage as to himself and the land.

The record presents questions of fact only, determined by the court below in plaintiff's favor. I am satisfied that a right conclusion was reached. It will profit no one to set out the testimony or to discuss its value.

The decree granting plaintiff relief is affirmed.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.